REVISED June 8, 2009

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2009

Charles R. Fulbruge III
Clerk

————

No. 08-30025

————

ELIZABETH KINSLEY, M.D.

Plaintiff-Appellant

v.

LAKEVIEW REGIONAL MEDICAL CENTER LLC; MAX LAUDERDALE

Defendants-Appellees

————

Appeal from the United States District Court
for the Eastern District of Louisiana

————

Before JONES, Chief Judge, and KING and ELROD, Circuit Judges.

EDITH H. JONES, Chief Judge:

Appellant, Dr. Elizabeth Kinsley, alleged state law claims against Lakeview Regional Medical Center ("Lakeview") and its CEO Max Lauderdale because in 2001, Lakeview refused to sell her a plot of undeveloped land suitable for the expansion of her medical office. We do not dwell further on the background of the case because, as Appellees contend, this appeal must be dismissed as untimely.

The district court granted Appellees' motion to dismiss for failure to state a claim on November 29, 2007. According to the rules of appellate procedure,

Dr. Kinsley's notice of appeal was due on December 31, thirty days after the district court's final judgment.[1] On December 26, Dr. Kinsley filed a document with the district court that purported to be a notice of appeal, but the entry on the court's electronic docket sheet for that day instead contains a Request For Oral Argument that was identical to a pleading she filed on September 11, 2007, seeking a hearing on the motion to dismiss. The December 26 docket entry describes Dr. Kinsley's notice of appeal as "deficient." On January 2, 2008, the docket sheet shows that Dr. Kinsley re-filed a sufficient notice of appeal after having filed another deficient notice—actually, the same Request For Oral Argument, according to the docket sheet—earlier that same day.

The filing of a timely notice of appeal, within thirty days after entry of the court's judgment, is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366 (2007); 28 U.S.C. § 2107(a); F.R.A.P. 4(a)(1)(A)("in a civil case . . . the notice of appeal must be filed with the district clerk within thirty days after the judgment . . . appealed from is entered."). Two questions arise from the foregoing circumstances. The first question is whether Dr. Kinsley's initial filing was sufficient and timely. If it was not, was the December 31 deadline extended in any way, thus rendering timely her ultimately sufficient January 2nd notice of appeal?

Dr. Kinsley asserts that the untimeliness argument is unfounded because her notice of appeal was delivered to the district court clerk's office by hand on December 26. Attached to her letter brief are a copy of the document that was purportedly filed on December 26 (which is not the document described above), copies of the receipt for the $455.00 filing fee, and a copy of the docket sheet containing the deficiency notice previously described. That notice adds:

---

[1] The thirtieth day after the final judgment issued on November 29, 2007, was Saturday, December 29, 2007. See F.R.A.P. 26(a) (extending the filing period if the last day of the period if it falls on a Saturday or Sunday).

Attention: document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 1/4/2008.

Unfortunately, Dr. Kinsley attaches no affidavit, nor formal proof of filing a proper notice of appeal, nor circumstantial evidence supporting the contention that a sufficient notice of appeal was actually filed on December 26. See Thibodeaux v. Vamos Oil & Gas Co., 487 F.3d 288, 293 (5th Cir. 2007) (holding that the Appellant bears the burden of establishing this court's appellate jurisdiction). There is, for instance, no proof that Appellees received a copy of a notice of appeal dated December 26. Lacking any such proof, we cannot find that she did file a timely and sufficient notice of appeal. Compare Green v. Adm'rs of Tulane Educ. Fund, 284 F.3d 642, 652-53, n.3 (5th Cir. 2002) ("Tulane has provided this court with an affidavit confirming that it filed its motion for judgment as a matter of law on December 22, 2000."), abrogated on other grounds by Burlington N. Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

Alternatively, Dr. Kinsley urges that the Request For Oral Argument filed on December 26 substantially complied with F.R.A.P. 3(c)(1), which identifies the minimum prerequisites for a sufficient notice. Pursuant to the rule, a notice of appeal must specify the party or parties taking the appeal; designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken. See, e.g., Garcia v. Wash, 20 F.3d 608, 610 (5th Cir. 1994). Rule 3(c)(4) emphasizes that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." See Turnbull v. United States, 929 F.2d 173, 176-77 (5th Cir. 1991) (affording liberal construction of Rule 3(c) where the intent to appeal is apparent and there is no prejudice to the adverse party). According to the Supreme Court, however, "this principle of liberal construction does not, however, excuse noncompliance with the Rule" and

because "the purpose of [Rule 3] is to ensure that the filing provides sufficient notice to other parties and the courts," "the notice afforded by the document, not litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Smith v. Barry, 502 U.S. 244, 248, 112 S. Ct. 678, 682 (1992). The Request For Oral Argument meets only one of Rule 3(c)'s requirements: It names the parties. It does not designate the judgment appealed from or name the court to which appeal is taken. Dr. Kinsley has cited, and we have found, no cases in which an evidently misfiled document, which is baldly noncompliant with Rule 3(c), has been deemed even under liberal construction to be sufficient.

Because no sufficient and timely notice of appeal was filed, Dr. Kinsley's last hope resides in the caveat to the district court's deficiency notice, which informs an electronic filer that the "document must be refiled in its entirety within five (5) working days." Were it effective, this addendum would render timely her January 2 notice of appeal. This response was apparently generated in accordance with the local rules for electronic filing of the Eastern District of Louisiana, which states regarding "Errors and Deficiencies":

> Electronically submitted documents deemed deficient for failure to comply with the Federal Rules and the Local Rules of this Court will be noted as such by the Clerk's Office. The court will enter a Notice of Deficient Filing which will be noticed to all parties. A document deemed deficient must be re-filed within five working days, otherwise it may be stricken without further notice.

Dr. Kinsley's argument, however, would elevate the local rule over the federal rules governing the filing deadline for a notice of appeal. "Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008). The appeal period of 28 U.S.C. § 2107(a) and Rule 4(a)(1) of the Federal Rules of Appellate Procedure is unquestionably mandatory and jurisdictional, see Bowles, 551 U.S. at 209, 127 S. Ct. at 2363. Further, the federal rules themselves provide a mechanism for obtaining an

extension of the notice of appeal deadline by the filing of a motion based on F.R.A.P. 4(a)(5)—a mechanism Dr. Kinsley did not utilize. Nor can it be said that application of the local rule amounted to an implicit Rule 4(a)(5) extension. Finally, construing this rule in light of Rule 3 of the Eastern District's Administrative Procedures For Electronic Case Filing further suggests that the electronic filing rule does not affect a filing deadline. Local Rule 3 explicitly states that "[f]iling a document electronically does not alter the filing deadline for that document."

Because Dr. Kinsley's timely filing was not sufficient as a notice of appeal, and her sufficient notice of appeal was not timely, we are constrained to dismiss the appeal.

DISMISSED.