**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-30087

ROBERT CRAIG; CLARENCE E SPOTTSVILLE

Plaintiffs-Appellants

v.

POLICE JURY GRANT PARISH; W C HOLLOWAY, Individually and as a Member of the Grant Parish Police Jury; JULIUS FRED SCOTT, Individually and as a Member of the Grant Parish Police Jury, MICHAEL L BROWN, Individually and as a Member of the Grant Parish Police Jury; DONNIE BROWN, Individually and as a Member of the Grant Parish Police Jury; MARVIN DELONG, Individually and as a Member of the Grant Parish Police Jury; MELVIN E GENE ALLEN, Individually and as a Member of the Grant Parish Police Jury,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana, Alexandria Division
No. 03-CV-147

Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Robert Craig and Clarence E. Spottsville appeal the

dismissal of their procedural due process claims against defendants-appellees,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Police Jury of Grant Parish, Louisiana, and its members in their official capacities. Plaintiffs challenge the Police Jury's closure of a portion of a public road that did not abut their properties but that provided a non-exclusive means of access to their properties. We do not reach the merits of these claims because this appeal must be dismissed as untimely.

## I.   Factual and Procedural Background

The district court granted defendants' motion for summary judgment on December 1, 2008, and entered final judgment. According to the Federal Rules of Appellate Procedure, plaintiffs' notice of appeal was due on December 31, 2008, thirty days after entry of final judgment. FED. R. APP. P. 4(a)(1)(A). On December 22, plaintiffs filed a document with the district court that purported to be a notice of appeal, but in fact was a June 27, 2008, "Notice of Motion Setting" that had previously been filed in the case. The docket entry associated with plaintiffs' December 22 filing states: "FILED IN ERROR—COUNSEL ADVISED TO RESUBMIT WITH CORRECT PDF DOCUMENT ATTACHED." A subsequent docket entry, also from December 22, states:

> NOTICE of Corrective Action to Robert G[.] Nida on behalf of Robert Craig regarding [80] Notice (Other). Action taken: Modified text of entry to reflect filed in error—incorrect pdf attached. Counsel advised to resubmit filing with correct pdf attached. (Entered: 12/22/2008).

On February 5, 2009, plaintiffs filed a sufficient notice of appeal.[1]

The appellate briefing letter to the parties instructed special briefing on the following: "Whether the notice of appeal, filed with the District Court on

---

[1] The sufficient notice of appeal also attached, apparently in error, a February 23, 2006, document titled "Plaintiffs' Response to Defendants' Supplemental Request for Production of Documents."

February 5, 2009, is timely from the Order entered on December 1, 2008, from which the appeal is taken."

Plaintiffs did not address the timeliness issue in their opening appeal brief but did address the issue in their reply brief. Plaintiffs explain that on December 22, a paralegal inadvertently filed a copy of the June 27, 2008, Notice of Motion Setting in lieu of the notice of appeal that counsel had intended to file.

Plaintiffs attach to their reply brief a copy of a December 22 email that they contend their counsel received through the district court's electronic filing system after the misfiling. The email stated:

> CASE:  1:03-CV-0147
> CASE NAME:  Craig, et al v. Grant Parish, et al
> DOCUMENT NUMBER:  80
> EVENT USED:  Notice (Other)
> EVENT WHICH SHOULD HAVE BEEN USED:  Notice of Appeal
>
> We are in receipt of the electronic filing in this case. The event to use which is referenced above would have been more appropriate for this filing. We have edited the text of the previous docket entry and no further action regarding this submission is required at this time. To assist with electronic filing, please utilize the Search feature, on the blue CM/ECF menu bar.

Plaintiffs assert that they relied on this email as evidence that:  the only issue with their filing was their characterization of the filing on the electronic filing system as a "NOTICE" rather than a "NOTICE OF APPEAL"; the district court understood that their filing was intended as a notice of appeal; and no further action on their part would be required. Plaintiffs also contend that they did not receive any other notice that their filing was deficient and did not realize the deficiency until they inquired as to why they had not received a request from the district court to post fees in connection with the appeal. Plaintiffs claim that

they "promptly" filed sufficient notice of appeal on February 5, 2009, after they discovered the error.

## II. Discussion

The filing of a timely notice of appeal is mandatory and jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). In a civil case in which the United States is not a party, notice must be given within thirty days after entry of the court's judgment. 28 U.S.C. § 2107; FED. R. APP. P. 4(a)(1)(A) ("[I]n a civil case . . . the notice of appeal . . . must be filed with the district clerk within thirty days after the judgment or order appealed from is entered."). The issues presented are whether plaintiffs' timely, December 22, 2008, filing was sufficient, and if not, whether the sufficient, February 5, 2009, filing was timely.

While this appeal was pending, we addressed a substantially similar set of issues in *Kinsley v. Lakeview Regional Medical Center LLC*, 570 F.3d 586 (5th Cir. 2009), and dismissed the plaintiff's appeal as untimely. In *Kinsley*, as here, the plaintiff inadvertently filed a different case document instead of the intended notice of appeal. That filing was within the deadline specified by Rule 4(a)(1)(A) but did not have the necessary contents of a notice of appeal. *Id.* at 589. The plaintiff did not file a corrected filing until after the thirty-day deadline had lapsed. There, as here, the plaintiff contended that she had relied on representations from the district court's electronic filing system in concluding that her appeal was timely. *Id.* at 589–590. As discussed below, *Kinsley* controls and plaintiffs' appeal must be dismissed as untimely.

### 1. The December 22 Notice was Not Sufficient

Federal Rule of Appellate Procedure 3(c)(1) identifies the minimum requirements for a sufficient notice of appeal. Under that Rule, a notice of

appeal must specify the party or parties taking the appeal; designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken. FED. R. APP. P. 3(c)(1); *see also Garcia v. Wash*, 20 F.3d 608, 610 (5th Cir. 1994). Rule 3(c)(4) provides that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." FED. R. APP. P. 3(c)(4); *see also Turnbull v. United States*, 929 F.2d 173, 176–77 (5th Cir. 1991) (stating that Rule 3(c) should be liberally construed where the intent to appeal is apparent and there is no prejudice to the adverse party). But "this principle of liberal construction does not . . . excuse noncompliance with the Rule." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Because "the purpose of [Rule 3] is to ensure that the filing provides sufficient notice to other parties and the courts," "the notice afforded by the document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Id.*

Plaintiffs contend that because they received an electronic notification on December 22 stating that their "Notice" should have been filed as a "Notice of Appeal," "the district court plainly recognized that the submission was intended to be a notice of appeal." But the appropriate inquiry is not whether the court interpreted the document as a notice of appeal, but whether the document satisfied the requirements of Rule 3(c), which are "jurisdictional in nature." *Id.* at 248. In *Kinsley*, we observed:

> The [misfiled document] meets only one of Rule 3(c)'s requirements: It names the parties. It does not designate the judgment appealed from or name the court to which appeal is taken. Dr. Kinsley has cited, and we have found, no cases in which an evidently misfiled document, which is baldly noncompliant with

Rule 3(c), has been deemed even under liberal construction to be sufficient.

570 F.3d at 589. As in *Kinsley*, the Notice of Motion Setting that plaintiffs inadvertently filed on December 22, 2008, identifies the parties but does not otherwise fulfill the requirements of Rule 3(c). The inadvertently-filed document was not a sufficient notice of appeal.

## 2. The February 5 Notice was Not Timely

Plaintiffs also argue that they should be excused because the December 22 electronic notice they received stating that their "Notice" should have been filed as a "Notice of Appeal" but that "no further action . . . [wa]s required" led them to believe that their filing was sufficient, and because they did not receive any other notice that their filing was insufficient. Plaintiffs assert that "[i]t has been counsel's experience that whenever the United States District Court deems an electronic filing to be incorrect or insufficient they send to counsel a 'Notice of Deficiency' and specifically outline the reason the submission is deficient." Plaintiffs contend that they did not receive such notice in this instance, but that they "promptly" refiled after discovering the error on their own.[2] Plaintiffs do not point to any requirement that filers be contacted with such notice, and do not

---

[2] Plaintiffs' claim that they "promptly took corrective action" once they discovered the error is dubious. The mistaken filing occurred on December 22, 2008. Plaintiffs contend that they decided to check on the status of the appeal when after filing they "did not receive, within the customary 7 to 10 day delay, a notice from the district court of fees to be posted in connection with the appeal." Had plaintiffs acted to correct their error seven to ten days after the December 22 filing, they could have moved the district court to extend the time to file a notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(5), a district court may, for good cause shown, extend the time to file a notice of appeal if a party moves for an extension no later than thirty days after the thirty-day appeal period prescribed under Rule 4(a)(1)(A) has lapsed. But plaintiffs did not make such a motion and did not make a corrected filing until February 5, 2009, after both the deadline to appeal and the deadline for extension had lapsed.

dispute that specific notice of the deficiency and instructions on how to cure were posted to the docket sheet on December 22.

In *Kinsley*, we rejected the plaintiff's contention that reliance on misinformation in a deficiency notice generated by the district court's electronic filing system provided a basis for avoiding the time requirements of 28 U.S.C. § 2107(a) and Rule 4(a)(1). The deficiency notice in *Kinsley* stated, pursuant to local rule, that the plaintiff would have five days to remedy the deficiency with a corrected filing. The plaintiff filed her corrected notice of appeal within the five-day period, but after the thirty-day period prescribed by § 2107(a) and Rule 4(a)(1) had lapsed. We held that the plaintiff's compliance with the local rule and deficiency notice did not excuse her failure to comply with the federal statute and federal rule, concluding that to do otherwise would "elevate the local rule over the federal rules governing the filing deadline for a notice of appeal." *Kinsley*, 570 F.3d at 589. Here, as in *Kinsley*, plaintiffs' assertion that they relied on misstatements in, or on the absence of, a deficiency notice does not excuse them from the "unquestionably mandatory and jurisdictional" requirements of 28 U.S.C. § 2107(a) and Rule 4(a)(1). *Id.* at 590.

### III. Conclusion

Plaintiffs' timely filing was not sufficient as a notice of appeal, and Plaintiffs' sufficient notice of appeal was not timely. The appeal is DISMISSED.