# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2010

No. 07-11190

Lyle W. Cayce
Clerk

In The Matter Of: RICKY KLEIBRINK

Debtor

_____

RICKY KLEIBRINK

Appellant

v.

ELLEN KLEIBRINK; MID STATE TRUST VII

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-88

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this bankruptcy appeal, debtor Ricky Kleibrink challenges the district court's affirmance of the bankruptcy court's ruling that creditor Mid State Trust VII holds an enforceable security interest in a property of his, despite his having

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received a discharge in an earlier bankruptcy proceeding. The debtor filed the instant bankruptcy proceeding in order to avoid the creditor's attempt to foreclose on the property. The bankruptcy court ruled that the earlier bankruptcy proceeding did not extinguish the creditor's lien against the property, because the claim objection filed by the debtor in the earlier proceeding did not afford the creditor due process in two ways. First, the claim objection was not accompanied by clear notice that the debtor was challenging the validity, priority, or extent of the lien, and that the debtor sought to abrogate the creditor's right to look to its collateral. Second, the debtor did not comply with the procedural safeguards set forth in Part VII of the Federal Rules of Bankruptcy Procedure. Accordingly, the bankruptcy court concluded that the claim objection filed by the debtor could not substitute for the adversary proceeding that is ordinarily required by the bankruptcy rules for extinguishing a lien under the circumstances of the case. The debtor appealed to the district court, which affirmed for substantially the same reasons.

In the time since the lower courts addressed the merits of this case, the Supreme Court issued its decision in *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010). *Espinosa* held that a judgment discharging debt in a bankruptcy proceeding is void under Rule 60(b)(4) where the creditor did not receive notice that satisfied the requirements of due process. *Id*. at 1378. "'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 1378 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Although the procedural posture of the instant case is different from that of *Espinosa*, the dispositive issue is the same: whether a creditor in a bankruptcy

2

proceeding received notice, satisfying the requirements of due process, that its interest could be extinguished in that proceeding.

Here, the lower courts explained in detail why the debtor's confusing claim objection filings in the earlier bankruptcy proceeding did not give the creditor clear or sufficient notice that its lien could be extinguished. The district court summarized its findings as follows:

> The Court agrees with the bankruptcy court's conclusion that . . . the [debtor's] Claim Objection in the [earlier bankruptcy proceeding] did not clearly notify [the creditor] that its secured claim was at risk[,] nor did the Claim Objection notify [the creditor] that [the debtor] sought to extinguish its ability to look to its collateral . . . . [T]he Claim Objection did not seek to "disallow" [the creditor's] claim, but rather, it sought to allow the claim at a zero amount. Only after reading the [debtor's] "objection codes" does it become clear that [the debtor] sought to allow the claim only as an unsecured claim, thereby arguably extinguishing the lien . . . . Particularly in light of the fact that the confirmed Plan provided that [the creditor] would retain its lien, the Court concludes that the bankruptcy court properly held that the Claim Objection did not provide adequate notice to [the creditor] that [the debtor] sought to extinguish its lien.

*In re Kleibrink*, 2007 WL 2438359 at *7 (N.D. Tex. 2007). We conclude that the notice given to the creditor here did not satisfy the due process standard for notice set forth in *Mullane*. Accordingly, we AFFIRM the district court's judgment that the creditor's lien survived the earlier bankruptcy proceeding.[1]

---

[1] The debtor fails to raise any argument appealing the district court's holding that the the lien is valid as to the debtor's former wife, his co-debtor. Therefore, that issue is waived. Fed. R. App. P. 28(a)(9)(A) (appellate briefs must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000) (where a party fails to adequately brief an issue, the issue is waived).