# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2011

No. 10-40546
Summary Calendar

Lyle W. Cayce
Clerk

ETHEL CHEATAM,

Plaintiff - Appellant

v.

KENNY BLANDA; ALICE YOUNG; JUDY MASON; GENERAL COUNSEL
DAVID F. ERICKSEN; CEO ROBIN UNDERHILL; CANTEX SENIOR
COMMUNITIES L.L.C.; CRESTHAVEN HEALTH CARE CENTER LTD. CO,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-0299

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We dismiss this appeal for lack of jurisdiction. The plaintiff, Ethel
Cheatam, brought suit alleging employment discrimination under Title VII and
defamation under Texas law. Her claims were dismissed by the district court in
two separate judgments. First, on March 23, 2010, the district court overruled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40546

the plaintiff's objections and adopted in full the magistrate judge's recommendations that the court dismiss (a) "all claims against Kenny Blanda, Judy Mason, Alice Young, Robin Underhill, and David Ericksen" and (b) the "defamation claims against defendants Magnolia Manor and Cantex Senior Communities LLC"; but (c) "[m]aintain for further adjudication claims asserted under Title VII against Magnolia Manor and Cantex Senior Communities LLC." Pursuant to Federal Rule of Civil Procedure 54(b), the district court designated this order a partial final judgment on March 25, 2010. Second, on May 27, 2010, the district court overruled the plaintiff's objections and adopted in full the magistrate judge's recommendation that the court dismiss the "only issue remaining for decision," namely "Ms. Cheatam's Title VII cause of action against the Magnolia Manor entities," including Cantex Senior Communities LLC. This order was designated a final judgment that same day.

On June 11, 2010, the plaintiff filed a form notice of appeal indicating that she intended to appeal the judgment concerning "Defamation, part of case as well." That form notice of appeal also asked the plaintiff to fill in the date on which the judgment she was appealing from was "entered in this action." However, she erroneously entered the date on which she filed the notice of appeal, June 11, 2010, rather than the date of any judgment in the case.

"The filing of a timely notice of appeal, within thirty days after entry of the court's judgment, is mandatory and jurisdictional." *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 588 (5th Cir. 2009). "Pursuant to [Federal Rule of Appellate Procedure 3(c)(1)], a notice of appeal must specify the party or parties taking the appeal; designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken." *Id.* at 589. "Rule 3(c)(4) emphasizes that '[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.'" *Id.* (alteration in original). "According to the

2

No. 10-40546

Supreme Court, however, 'this principle of liberal construction does not . . . excuse noncompliance with the Rule' and because 'the purpose of [Rule 3] is to ensure that the filing provides sufficient notice to other parties and the courts,' 'the notice afforded by the document, not [a] litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal.'" *Id.* (second alteration in original) (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992)).

Here, even liberally construed, the notice of appeal was only sufficient to appeal the district court's first judgment, not its second. It clearly and explicitly referred to the issues addressed in the first judgment, indicating that the plaintiff intended to appeal the judgment addressing her defamation claims in addition to some of her other claims. The notice of appeal did not provide notice to the parties or the court of the intent to appeal the second judgment, which did not address the defamation claims, but solely dismissed the plaintiff's remaining Title VII claims. *See Lockett v. Anderson*, 230 F.3d 695, 700-01 (5th Cir. 2000) ("The State's notice of appeal is explicit in stating that the appeal is from the district court's December order. . . . Thus, because the notice of appeal leaves no room for doubt as to its scope, we are unable to assert jurisdiction over the district court's October 1997 order."). Because the notice of appeal was filed almost three months after the district court's March 25, 2010 final judgment was entered, it was untimely to appeal that judgment and thus we lack jurisdiction to hear this appeal. *See Kinsley*, 570 F.3d at 590.

For the foregoing reasons, we DISMISS the appeal.

3