**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edwin Joel HERNANDEZ, True Name Roque Antonio Renteria–Caicedo, Also Known as Luis Andres Cotto–Santiago, Defendant–Appellant.**

No. 11–40278
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 2011.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Edwin Joel Hernandez, True Name Roque Antonio Renteria–Caicedo, Three Rivers, TX, pro se.

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Edwin Hernandez, federal prisoner # 82562–179, moves for leave to proceed *in forma pauperis* and for a certificate of appealability to appeal the dismissal of his 28 U.S.C. § 2255 motion and the denial of his subsequent motion for reconsideration, which was construed by the district court as a motion pursuant to Federal Rule of Civil Procedure 60(b). Hernandez's § 2255 motion challenged his conviction of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine.

This court has a duty to examine the basis of its jurisdiction, *sua sponte,* if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). A timely notice of appeal is a jurisdictional requirement in a civil case. *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Where the United States is a party, a notice of appeal in a civil action must be filed within sixty days of entry of the judgment or order from which the appeal is taken. 28 U.S.C. § 2107(b); FED. R.APP. P. 4(a)(1)(B).

The judgment dismissing Hernandez's § 2255 motion was entered on October 20, 2010, and the only filing by either party within sixty days was Hernandez's November 19, 2010, motion for reconsideration that was construed by the district court as a Rule 60(b) motion. Because that motion sought reconsideration only, it did not evince an intent to appeal the judgment. *See Mosley,* 813 F.2d at 660. Furthermore, the November 19 motion was filed thirty days after entry of the judgment and thus did not suspend the time for filing a notice of appeal, even if it were considered a Rule 60(b) motion. *See* FED. R.APP. P. 4(a)(4)(A). Because Hernandez

---

did not file a timely notice of appeal from the judgment dismissing his § 2255 motion, his appeal from that judgment is dismissed for lack of jurisdiction. *See Bowles,* 551 U.S. at 214, 127 S.Ct. 2360.

Hernandez's appeal of the denial of his motion for reconsideration is also subject to dismissal. That motion sought only a reevaluation of the claim in his § 2255 motion that his trial counsel had provided ineffective assistance by failing to file a direct appeal. Thus, his motion for reconsideration constituted a successive § 2255 motion. *See Gonzalez v. Crosby,* 545 U.S. 524, 532 & nn. 4–5, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Because Hernandez did not obtain this court's authorization to file a successive § 2255 motion, the district court lacked jurisdiction to consider it. *See id.* at 532, 125 S.Ct. 2641; *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000). Hernandez's appeal from the order denying his motion for reconsideration is frivolous and also is dismissed for lack of jurisdiction. *See United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000).

In summary, the appeal is DISMISSED for lack of jurisdiction; the motions for certificate of appealability and leave to proceed *in forma pauperis* are DENIED as moot.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.