# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40945
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2015

Lyle W. Cayce
Clerk

ANTHONY W. SPENCER,

Plaintiff - Appellant

v.

THE UNITED STATES

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-79

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Anthony W. Spencer ("Spencer") appeals the district court's dismissal of his complaint under Fed. R. Civ. P. 12(b)(6), its denial of his motion for a new trial under Rule 59(a)(1)(B), and its denial of his motion for relief from an order under Rules 60(a) and 60(b)(2). Because we lack subject-matter jurisdiction to consider Spencer's appeal, it is DISMISSED.

In a civil action in which the United States is a party, the appellant must file a notice of appeal within sixty days after the district court enters its

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40945

judgment, order or decree. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). If the appellant fails to file a notice of appeal in this time, this court lacks subject-matter jurisdiction over the case. *See Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) (holding that appellants' failure to file notice of appeal within time allowed by § 2107(c) deprived appellate court of jurisdiction, and explaining that failure to timely file implicates subject-matter jurisdiction); *see also Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 588 (5th Cir. 2009) (dismissing case for failure to timely file under § 2107(a)); *United States v. Hernandez*, 441 F. App'x 275, 275-76 (5th Cir. 2011) (per curiam) (same under § 2107(b)).[1]

Spencer's motions under Fed. R. Civ. P. 59 and 60 did not toll the running of the sixty-day deadline to appeal. For such motions to have that effect, they must be filed no later than twenty-eight days after entry of judgment. Fed. R. Civ. P. 59(b), (e) (providing that Rule 59 motions "must be filed no later than 28 days after the entry of the judgment"); Fed. R. App. P. 4(a)(4)(A)(iv)-(vi) (providing that a Rule 59 motion tolls clock only if it is "timely," and that Rule 60 motion does so "if the motion is filed no later than 28 days after the judgment is entered"). To satisfy this twenty-eight day requirement, Spencer's Rule 59 and 60 motions were due no later than July 22, 2013. Spencer filed his motions on July 25, 2013.

The district court entered judgment on June 24, 2013. Spencer's notice of appeal was due no later than August 23, 2013. Spencer filed his notice of appeal on September 3, 2013. Because Spencer filed his notice of appeal after the deadline, this court lacks subject-matter jurisdiction to consider his appeal.

For the reasons explained, the appeal is DISMISSED.

---

[1] Spencer argues that we should extend this deadline under Fed. R. Civ. P. 6(b)(1)(B). But Rule 6(b)(2) expressly prohibits extensions of time for post-judgment motions like the ones Spencer filed below.