# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20204

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2016

Lyle W. Cayce
Clerk

JOANNA MARIE WILSON; ASHLEY RACHEL DELEON; STEVE VINKLER; SHEILA COLLINS; JEFF SVEHLAK; et al.,

Plaintiffs–Appellants,

v.

NAVIKA CAPITAL GROUP, L.L.C.; PEARL HOSPITALITY, L.L.C.; RUBY HOSPITALITY, INCORPORATED; NAVEEN C. SHAH; EMERALD HOSPITALITY TULSA, INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:10-CV-1569

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from a collective action brought under the Fair Labor Standards Act ("FLSA"). A group of hotel employees brought suit against Defendants–Appellees (collectively, "Navika") seeking overtime pay and unpaid wages. On March 14, 2015, the district court granted two pending

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions—a motion for reconsideration of a prior equitable tolling ruling and a motion to dismiss, each involving distinct groups of plaintiffs.[1] Plaintiffs–Appellants have challenged both rulings on appeal. For the reasons stated below, we affirm in part and dismiss in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, Joanna Wilson and Ashley DeLeon filed suit against Navika under the FLSA to recover overtime pay and unpaid wages "on behalf of themselves and other similarly situated persons." The district court conditionally certified a class of current and former Navika employees, and approximately 330 individuals joined the class. This appeal involves the district court's ruling on two distinct motions: 1) Navika's Motion for Reconsideration of Order on Motion for Extension of Time ("Motion for Reconsideration") and 2) Navika's Motion in Limine to Dismiss ("Motion to Dismiss").

### A.    Motion for Reconsideration

On June 4, 2014, the district court decertified the class and dismissed without prejudice the claims of all plaintiffs that had opted to join. In order "[t]o avoid prejudice to individual opt-in Plaintiffs who have been dismissed," the court "invoke[d] its equity powers to toll the applicable statute of limitations for 30 days," which gave the decertified plaintiffs the opportunity to file individual suits.

On July 7, 2014, the Opt-In Plaintiffs filed for a seven-day extension of the district court's equitable tolling ruling, explaining that it had "dutifully filed lawsuits in the local jurisdictions where the consenting plaintiffs reside"

---

[1] This appeal involves a complex mix of parties and claims. The plaintiffs purportedly appealing the motion for reconsideration are referred to as the "Opt-In Plaintiffs." The plaintiffs appealing the motion to dismiss are referred to by name, Joanna Wilson and Ashley DeLeon. When discussing both sets of plaintiffs, we refer to "Plaintiffs–Appellants."

but that filing problems in the United States District Court for the Western District of Missouri prevented them from timely filing suit in that jurisdiction. Before the district court ruled on this motion, the Opt-In Plaintiffs filed an amended motion ("Motion to Extend Equitable Tolling"), citing "filing complications" with several jurisdictions and requesting a fourteen-day extension. Before Navika filed a response, the district court granted the Motion to Extend Equitable Tolling.[2]

On July 24, 2014, Navika filed a Motion for Reconsideration of the district court's ruling, arguing that the extension should not have been granted because the Opt-In Plaintiffs failed to diligently file their individual suits. On March 14, 2015, the district court granted the Motion for Reconsideration and denied the Opt-In Plaintiffs' Motion to Extend Equitable Tolling, stating that, as a result, the equitable tolling deadline actually expired on July 7, 2014—thirty days after decertification. The Opt-In Plaintiffs now appeal.

**B.    Motion to Dismiss**

In January 2014, the district court ordered "that all Plaintiffs who remain a party to this action . . . are required to provide Defendants with individual damages computations within twenty (20) days of entry of this order." The court further ordered that "Plaintiffs who do not provide an individual computation of damages will be dismissed without prejudice." On March 31, 2014, Navika moved to dismiss any plaintiffs that had failed to provide an individualized damages computation pursuant to Federal Rules of Civil Procedure 37 and 41(b) and the January 2014 order. On March 14, 2015, the district court granted Navika's motion and dismissed all remaining plaintiffs without prejudice pursuant to Federal Rules of Civil Procedure 37

---

[2] Five lawsuits were filed by different groups of Opt-In Plaintiffs, two within the original thirty-day equitable tolling deadline and three during the fourteen-day extension.

No. 15-20204

and 41(b). Two plaintiffs dismissed in that order, Ashley DeLeon and Joanna Wilson, now appeal.

## II. DISCUSSION

The district court had jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291.

### A.    Notice of Appeal

As a preliminary matter, Navika contends that the notice of appeal filed by Plaintiffs–Appellants did not comply with Federal Rule of Appellate Procedure 3(c)(1). The caption of the notice of appeal states the names of five individuals: Joanna Marie Wilson, Ashley Rachel DeLeon, Sheila Collins, Steve Vinkler, and Jeff Svehlack. The body of the notice of appeal provides:

> Notice is hereby given that Plaintiffs Wilson et al. hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Final Order of Dismissal (Doc. #468) entered March 14, 2015 and the Opinion and Order (Doc. #467) entered March 14, 2015 granting Defendants' Motion in Limine to Dismiss, granting Defendants' Motion for Reconsideration, denying Plaintiffs' Motion for Reconsideration and Extension and Plaintiffs' Amended Motion for Reconsideration and Extension, the revocation of equitable tolling.

Federal Rule of Appellate Procedure 3(c)(1) "identifies the minimum prerequisites for a sufficient notice" of appeal. *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009). Rule 3(c)(1)(A) states that a notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Fed. R. App. P. 3(c)(1)(A). However, "an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'" *Id.* Because one attorney represents all potential

4

plaintiffs in this appeal, Plaintiffs–Appellants argue that the use of "Plaintiffs Wilson et al." is sufficient to comply with the requirements of Rule 3(c).

Although courts should "liberally construe" the requirements of Rule 3, "[t]his principle of liberal construction does not, however, excuse noncompliance with the Rule." *Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). In this case, Plaintiffs–Appellants' use of "Plaintiffs Wilson et al." does little to "specify the party or parties taking the appeal," Fed. R. App. P. 3(c)(1)(A). As explained in the advisory committee notes to Rule 3(c), "Plaintiffs Wilson et al" is only a sufficient descriptor if "it is objectively clear that a party intended to appeal." Fed. R. App. P. 3(c) advisory committee's note to 1993 amendment; *cf. Kinsley*, 570 F.3d at 589 ("[T]he notice afforded by the document, not litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." (quoting *Smith*, 502 U.S. at 248)).

As evidenced by a review of the district court record and the briefing on appeal, it is anything but clear which individuals "Plaintiffs Wilson et al." encompasses. Similar to *Dodson v. Hillcrest Securities Corp.*, 95 F.3d 52, 1996 WL 459770 (5th Cir. 1996) (unpublished), the plaintiffs in this case were in "continual flux" at the district court, as various groups of plaintiffs were dismissed at different times. *Id.* at *4. Therefore, "one must make a close examination of the record to determine who were [the] plaintiffs at any particular time." *Id.* at *4. Because we conclude that "Plaintiffs Wilson et al." does not make it "objectively clear" which Plaintiffs–Appellants are involved in this appeal, we find that the descriptor is insufficient to comply with Rule 3(c).

No. 15-20204

But, the notice of appeal is not deficient as to all Plaintiffs–Appellants. We hold, and both parties agree, that Ashley Deleon and Joanna Wilson[3] properly gave notice of their intent to appeal the district court's ruling on Navika's Motion to Dismiss. *See* Fed. R. App. P. 3(c)(1)(A) ("The notice of appeal must: specify the party or parties taking the appeal by naming each one in the *caption* or body of the notice." (emphasis added)). Therefore, with the exception of Ashley DeLeon and Joanna Wilson, all other Plaintiffs–Appellants are dismissed for want of jurisdiction. Because DeLeon and Wilson only challenge the district court's order on Navika's Motion to Dismiss, we need not address any arguments related to Navika's Motion for Reconsideration.

**B.    Motion to Dismiss**

Named plaintiffs DeLeon and Wilson argue that the district court abused its discretion in dismissing their claims under Federal Rule of Civil Procedure 37(c)(1). On March 14, 2015, the district court dismissed DeLeon and Wilson without prejudice "pursuant to Fed. R. Civ. P. 37 and/or 41(b)." But, in their brief DeLeon and Wilson only contest the district court's dismissal pursuant to Rule 37. Because DeLeon and Wilson failed to raise any challenge to the district court's dismissal pursuant to Rule 41(b), they have waived the issue on appeal. *See, e.g.*, *Kleibrink v. Kleibrink (In re Kleibrink)*, 621 F.3d 370, 371 n.1 (5th Cir. 2010). Accordingly, this Court need not reach the parties' arguments related to Rule 37.

---

[3] The caption of the notice of appeal states the names of three other individuals: Sheila Collins, Steve Vinkler, and Jeff Svehlack. As Plaintiffs–Appellants brief contains no arguments related to Sheila Collins, Steven Vinkler, and Jeff Svehlack, these individuals have abandoned their appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

No. 15-20204

## III. CONCLUSION

For the foregoing reasons, the district court's dismissal of DeLeon and Wilson is AFFIRMED, and we dismiss for want of jurisdiction all other Plaintiffs–Appellants.