PRISCILLA R. OWEN, Circuit Judge,
concurring in part and dissenting in part:
I fully join part 11(B) of the court’s opinion. But I disagree with the majority opinion’s conclusion that the notice of appeal was effective only as to the five plaintiffs named in its caption. I accordingly dissent from the dismissal of the appeal for lack of jurisdiction as to certain plaintiffs other than the named plaintiffs.
As the majority opinion reflects, the notice of appeal sought review of the district court’s rulings on two distinct motions filed by the defendants: a motion to dismiss for failure to provide damage calculations and a motion to reconsider the extension of an equitable tolling period that permitted certain plaintiffs to refile individual actions in other jurisdictions. It is undisputed that the motion to dismiss for failure to provide damage calculations involved only the five plaintiffs named in the caption of the notice of appeal.[1] There has never been any confusion about that. The district court’s order granting the motion to dismiss for failure to furnish damage calculations reflects that the motion to dismiss, as supplemented, pertained “to Sheila Collins ... [and] the four other named plaintiffs.” It is also undisputed that none of the five named plaintiffs were affected, in any manner, by the extension of the tolling period to permit refiling in other jurisdictions. Again, there has never been any confusion about that. The orders regarding an equitable tolling period pertained only to unnamed plaintiffs. The district court ruled on the motion to dismiss, involving only named plaintiffs, and the motion for reconsideration, involving only unnamed plaintiffs, in orders that issued March 14, 2015.
The five plaintiffs named in the caption of the notice of appeal would, of course, be appealing only the motion to dismiss for failure to provide damage calculations because the order reconsidering the extension of the tolling period did not pertain to them. Yet, the notice of appeal expressly listed the order granting the motion for reconsideration and revoking the extension of the equitable tolling period as a ruling that was being appealed. The notice said:
Notice is hereby given that Plaintiffs Wilson et al. hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Final Order of Dismissal (Doc. #468) entered March 14, 2015 and the Opinion and Order (Doc. #467) entered March 14, 2015 granting Defendants’ Motion in Limine to Dismiss, granting Defendants’ Motion for Reconsideration, denying Plaintiffs’ Motion for Reconsideration and Extension and Plaintiffs’ Amended Motion for Reconsideration and Extension, the revocation of equitable tolling.
The notice of appeal objectively indicates that someone is appealing from the grant of the Motion for Reconsideration and the revocation of the equitable tolling period. All of the parties knew that none of the five plaintiffs were appealing that ruling, and the district court record is plain that none of the named plaintiffs were subject to that ruling. So it follows that all of the parties had to have known that plaintiffs other than the named plaintiffs were appealing the revocation of the extended equitable tolling period. It is also objectively ascertainable from the district ■ court’s March 14, 2015 order that the uni *348 verse of unnamed plaintiffs who were aggrieved by the revocation of the extended equitable tolling period was limited to the plaintiffs named in three lawsuits filed in other jurisdictions that the district court’s order identifies with specificity. The district court’s March 14, 2015 order recites:
A current search on PACER Case Locator shows five cases filed by 55 (out of 330) individual Plaintiffs against Defendant subsequent to the June 4, 2014 decertification order. Doc. 460.
1) Johnson et al v. Navika, LLC et al, No. 4:14-cv-144-BAE-GRS (S.D. Ga. July 7,2014) (four plaintiffs)
2) Anne Bond, et al. v. Navika Capital Group, LLC, et al., No. l:14-cv-00627-SS (W.D. Tex. July 7, 2014) (twenty-one plaintiffs)
3) Cartier et al v. Navika Capital Group, LLC et al, No. l:14-cv-311-KD-C (S.D. Ala. July 8, 2014) (fourteen plaintiffs)
4) Cassandra Botello, et al. v. Navika Capital Group, LLC, et al, No. 4:14-cv-378 (N.D. Okla. July 9, 2014) (eleven plaintiffs)
5) Chappell et al v. Navika Capital Group, LLC et al, No. 2:14-cv-04199-SRB (W.D. Mo. July 28, 2014) (five plaintiffs)
The latter three cases were filed after the original 30-day tolling period, which expired July 7, 2014, but within the 14-day extension, which expired July 28, 2014. Withdrawing equitable tolling in the latter three cases could result in dismissal of the claims of thirty plaintiffs in Alabama, Oklahoma, and Missouri.
This order makes clear that the only plaintiffs who were subject to the revoeation of the extended equitable tolling period were those plaintiffs who filed the three lawsuits (the “latter three cases”) after July 7, 2014, in the three jurisdictions listed (Alabama, Oklahoma, and Missouri). So, there is a discrete number of identifiable plaintiffs who were aggrieved by the order granting the motion for reconsideration and revoking the extended equitable tolling period.
The notice of appeal did not identify by name who was appealing the order revoking the extended equitable tolling period, but it stated that “[njotice is hereby given that Plaintiffs Wilson et al. hereby appeal,” and, as discussed, the notice then identified the order revoking the tolling period with specificity. This is adequate under Federal Rule of Appellate Procedure 3(c).
Rule 3(c) states that a notice of appeal must “specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as ... ‘the plaintiffs A, B, et al.’ ”[2] The same attorney represented all plaintiffs in the district court and in the appeal. In determining the sufficiency of the identification of parties, “the test ... is whether it is objectively clear that a party intended to appeal.”[3] The Advisory Committee notes state that “the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal.”[4] It is “objectively clear” from the notice of appeal and the district court’s May 14, 2015 Opinion and Order that the plaintiffs who refiled suit in other jurisdictions after July 7, 2014, intended to appeal the revocation of equitable tolling.
*349 The majority opinion’s attempt to distinguish a footnote in the unpublished decision in Dodson v. Hillcrest Securities Corp.,[5] which indicates that Rule 3(c) would be satisfied in the present appeal, is unconvincing. The Dodson decision involved a 1992 notice of appeal in the context of a putative class action that the district court did not certify.[6] Through subsequent pleadings and dismissals, plaintiffs were added while others withdrew or were dismissed prior to the filing of the notice of appeal.[7] The caption of the notice contained the named plaintiffs and “et al.,” and the body referred to “all plaintiffs,” but it was clear that some of the dismissed plaintiffs were not appealing.[8] While the court recognized that the phrase “all plaintiffs” could satisfy the specificity requirement “if [the notice] leaves no room for doubt” as to which plaintiffs intended to appeal^ it concluded that it was “impossible to tell” who the plaintiffs appealing were.[9]
However, the court was applying the version of Rule 3 in effect prior to its amendment in 1993. In a footnote, the opinion stated that the notice would have been sufficient under Rule 3(c) as amended in 1993.[10] The majority opinion in the present case says that Dodson “did not have the opportunity to address the advisory committee notes as applied to non-class action cases like this one.”[11] This statement is puzzling for three reasons. First, the advisory committee notes that are referenced have been in existence since 1993, and Dodson was decided in 1996. Second, neither Dodson nor the present case involved a class action by the time that the orders appealed from had issued. In Dodson, the court was addressing an unwieldy set of individuals, numbering in the hundreds.[12] The class in the present ease had been decertified well before the orders at issue here were handed down, and the district court was .dealing with individual claims, as in Dodson. Third, Judge Garwood, who wrote the opinion in Dodson, was a member of the Rules of Appellate Procedure Advisory Committee of the Judicial Conference of the United States when he authored Dodson-[13] it is highly unlikely that he was unaware of the import of the Advisory Committee’s commentary to Rule 3(c).
The majority opinion’s statement that Dodson is inapplicable because the panel in that, case “did not have the benefit of case law elaborating on the proper application of Rule 3(c), on which [the majority] opinion relies” is also puzzling. None of the cases cited by the majority opinion shed any light on the issue presently before us. The decision in Kinsley v. Lakeview Regional Medical Center LLC concerned the timeliness of a filing.[14] The opinions in Smith v. Barry and Bailey v. Cain both concerned inmate notices • of appeal with irregularities as to form or identification of *350 the court.[15] Accordingly, while Dodson did apply pre-1993 law to decide the notice of appeal was insufficient, the Dodson decision was unequivocal that the notice satisfied the new 1993 rule. Though Dodson is not binding precedent, its reasoning is persuasive.
I share the frustration expressed in the majority opinion with the conflicting statements and representations that counsel for the plaintiffs has made to this court regarding the identity of the unnamed plaintiffs who intended to appeal. But the discrepancies that have occurred after the notice of appeal was filed should not have any impact on the state of the record at the time the notice was filed. We cannot lose jurisdiction over parties who were adequately identified in a notice of appeal simply because counsel argues that other individuals who were not identified in that notice should also be considered as parties to the appeal.
I would hold that the notice of appeal was sufficient as to the parties who filed the three lawsuits the district court identified as potentially affected by the revocation of equitable tolling, as of March 15, 2014. Accordingly, I would consider the merits of the arguments concerning the motion for reconsideration as to those unnamed plaintiffs, and I dissent from the dismissal of those plaintiffs’ claims for lack of appellate jurisdiction.

. Joanna Marie Wilson, Ashley Rachel De-Leon, Steve Vinkler, Sheila Collins, and Jeff Svehlak.

. Fed. R. App. P. 3(c)(1)(A).

. Fed. R. App. P. • 3(c) advisory committee’s note to 1993 amendment.

. Id,

. 95 F.3d 52, 1996 WL 459770, at *2 n.4 (5th Cir. 1996) (unpublished).

. Id. at *2-4. ■

. Id. at *4.

. Id, at *4.

. Id. at *3-4.

. Id. at *2 n.4.

. Ante at 345. '

. See Dodson, 1996 WL 45 9770, at * 1.

. 1 Preliminary Draft of Proposed Amendments to the Bankruptcy Forms: Request for Comments 57 (1996) (listing Judge Garwood as a member of the Advisory Committee on Appellate Rules).

. 570 F.3d 586, 588-89 (5th Cir.'2009).

. Smith v. Barry, 502 U.S. 244, 248-50, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); Bailey v. Cain, 609 F.3d 763, 766-67 (5th Cir. 2010).