# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2018

Lyle W. Cayce
Clerk

NATHAN JENKINS,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; FEDERAL CORRECTIONAL INSTITUTION YAZOO CITY MEDIUM SECURITY PRISON; DOCTOR A. CHAMBERS, Medical Doctor/CD Federal Correctional Institution Yazoo City; DOCTOR NORMA NATAL-CASTRO, Medical Doctor Federal Correctional Institution Yazoo City,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-908

Before REAVLEY, WILLETT, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Nathan Jenkins, formerly incarcerated federal prisoner # 10914-022, appeals the summary judgment dismissal of his complaint against federal officials that asserted claims of negligence under the Federal Tort Claims Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60224

(FTCA), 28 U.S.C. § 1346, and claims of Eighth Amendment violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  With the benefit of liberal construction, Jenkins first challenges the district court's ruling that he did not provide adequate evidence to survive summary judgment as to his claims that (1) the United States was liable under the FTCA for the medical negligence of its doctors and (2) prison medical officials were liable under *Bivens* for their deliberate indifference to his medical needs for prompt eye treatment.  Second, he contends that the district court erroneously granted immunity to the defendants.  Third, Jenkins asserts that the district court erroneously denied his postjudgment motions under Federal Rules of Civil Procedure 59(e) and 60(b).

We "review[] a summary judgment de novo, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).  "Under the [FTCA], liability for medical malpractice is controlled by state law." *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985).  To establish a malpractice claim under Mississippi law, the plaintiff must show "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant."

2

No. 17-60224

*Estate of Sanders v. United States*, 736 F.3d 430, 435-36 (5th Cir. 2013) (internal quotation marks omitted). Regarding the FTCA claims, as the district court observed, Jenkins's expert evidence does not meet the requirements to survive summary judgment. His expert evidence does not establish that, in Jenkins's specific medical situation, a more prompt treatment would have led to a greater than 50 percent chance of a better result. *See Sanders*, 736 F.3d at 436-39. Nor does any of Jenkins's other evidence of medical records make the required showing. *See id.* at 436-37.

A *Bivens* action may be sought for prison officials' violation of the Eighth Amendment's prohibition against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 101, 104-05 (1976). To the extent that Jenkins's *Bivens* claim asserted negligence or malpractice bases of liability for Dr. Norma Natal-Castro in light of the expert evidence, the district court properly rejected it. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Jenkins's expert evidence does not contain any statement that Natal-Castro consciously disregarded a substantial risk of serious harm. *See Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir. 2002). Likewise, Jenkins's other evidence does not point to a genuine issue of material fact. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Natal-Castro's medical judgment as Jenkins's primary care physician about whether to recommend emergency care does not establish deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Varnado*, 920 F.2d at 321. As to the *Bivens* claim against Dr. Anthony Chambers, the district court correctly noted that Chambers's undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity. *Hui v. Castaneda*, 559 U.S. 799, 812 (2010).

No. 17-60224

Finally, we lack jurisdiction to consider Jenkins's challenges to the district court's denial of his postjudgment motions because Jenkins did not timely file a notice of appeal, or an amended notice of appeal, that designated the court's denial of those motions as a basis for his appeal. FED. R. APP. P. 3(c)(1); FED. R. APP. P. 4(a)(1)(A), (a)(4)(B)(ii); *see Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009).

AFFIRMED IN PART AND DISMISSED IN PART.