# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2016

Lyle W. Cayce
Clerk

No. 15-20204

JOANNA MARIE WILSON; ASHLEY RACHEL DELEON; STEVE VINKLER; SHEILA COLLINS; JEFF SVEHLAK; et al.,

　　　　Plaintiffs–Appellants,

v.

NAVIKA CAPITAL GROUP, L.L.C.; PEARL HOSPITALITY, L.L.C.; RUBY HOSPITALITY, INCORPORATED; NAVEEN C. SHAH; EMERALD HOSPITALITY TULSA, INCORPORATED,

　　　　Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:10-CV-1569

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The motion for rehearing is DENIED. The following opinion is substituted in place of our prior opinion.

This appeal arises from a collective action brought under the Fair Labor Standards Act ("FLSA"). A group of hotel employees brought suit against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20204

Defendants–Appellees (collectively, "Navika") seeking overtime pay and unpaid wages. On March 14, 2015, the district court granted two pending motions—a motion for reconsideration of a prior equitable tolling ruling and a motion to dismiss, each involving distinct groups of plaintiffs.[1] Plaintiffs–Appellants have challenged both rulings on appeal. For the reasons stated below, we affirm in part and dismiss in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, Joanna Wilson and Ashley DeLeon filed suit against Navika under the FLSA to recover overtime pay and unpaid wages "on behalf of themselves and other similarly situated persons." The district court conditionally certified a class of current and former Navika employees, and approximately 330 individuals joined the class. This appeal involves the district court's ruling on two distinct motions: 1) Navika's Motion for Reconsideration of Order on Motion for Extension of Time ("Motion for Reconsideration") and 2) Navika's Motion in Limine to Dismiss ("Motion to Dismiss").

## A.     Motion for Reconsideration

On June 4, 2014, the district court decertified the class and dismissed without prejudice the claims of all plaintiffs that had opted to join. In order "[t]o avoid prejudice to individual opt-in Plaintiffs who have been dismissed," the court "invoke[d] its equity powers to toll the applicable statute of limitations for 30 days," which gave the decertified plaintiffs the opportunity to file individual suits.

---

[1] This appeal involves a complex mix of parties and claims. The plaintiffs purportedly appealing the motion for reconsideration are referred to as the "Opt-In Plaintiffs." The plaintiffs appealing the motion to dismiss are referred to by name, Joanna Wilson and Ashley DeLeon. When discussing both sets of plaintiffs, we refer to "Plaintiffs–Appellants."

No. 15-20204

On July 7, 2014, the Opt-In Plaintiffs filed for a seven-day extension of the district court's equitable tolling ruling, explaining that it had "dutifully filed lawsuits in the local jurisdictions where the consenting plaintiffs reside" but that filing problems in the United States District Court for the Western District of Missouri prevented them from timely filing suit in that jurisdiction. Before the district court ruled on this motion, the Opt-In Plaintiffs filed an amended motion ("Motion to Extend Equitable Tolling"), citing "filing complications" with several jurisdictions and requesting a fourteen-day extension. Before Navika filed a response, the district court granted the Motion to Extend Equitable Tolling.[2]

On July 24, 2014, Navika filed a Motion for Reconsideration of the district court's ruling, arguing that the extension should not have been granted because the Opt-In Plaintiffs failed to diligently file their individual suits. On March 14, 2015, the district court granted the Motion for Reconsideration and denied the Opt-In Plaintiffs' Motion to Extend Equitable Tolling, stating that, as a result, the equitable tolling deadline actually expired on July 7, 2014—thirty days after decertification. The Opt-In Plaintiffs now appeal.

**B.    Motion to Dismiss**

In January 2014, the district court ordered "that all Plaintiffs who remain a party to this action . . . are required to provide Defendants with individual damages computations within twenty (20) days of entry of this order." The court further ordered that "Plaintiffs who do not provide an individual computation of damages will be dismissed without prejudice." On March 31, 2014, Navika moved to dismiss any plaintiffs that had failed to provide an individualized damages computation pursuant to Federal Rules of

---

[2] Five lawsuits were filed by different groups of Opt-In Plaintiffs, two within the original thirty-day equitable tolling deadline and three during the fourteen-day extension.

No. 15-20204

Civil Procedure 37 and 41(b) and the January 2014 order. On March 14, 2015, the district court granted Navika's motion and dismissed all remaining plaintiffs without prejudice pursuant to Federal Rules of Civil Procedure 37 and 41(b). Two plaintiffs dismissed in that order, Ashley DeLeon and Joanna Wilson, now appeal.

## II. DISCUSSION

The district court had jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291.

### A.    Notice of Appeal

As a preliminary matter, Navika contends that the notice of appeal filed by Plaintiffs–Appellants did not comply with Federal Rule of Appellate Procedure 3(c)(1). The caption of the notice of appeal states the names of five individuals: Joanna Marie Wilson, Ashley Rachel DeLeon, Sheila Collins, Steve Vinkler, and Jeff Svehlack. The body of the notice of appeal provides:

> Notice is hereby given that Plaintiffs Wilson et al. hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Final Order of Dismissal (Doc. #468) entered March 14, 2015 and the Opinion and Order (Doc. #467) entered March 14, 2015 granting Defendants' Motion in Limine to Dismiss, granting Defendants' Motion for Reconsideration, denying Plaintiffs' Motion for Reconsideration and Extension and Plaintiffs' Amended Motion for Reconsideration and Extension, the revocation of equitable tolling.

Federal Rule of Appellate Procedure 3(c)(1) "identifies the minimum prerequisites for a sufficient notice" of appeal. *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009). Rule 3(c)(1)(A) states that a notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Fed. R. App. P. 3(c)(1)(A). However, "an attorney representing more than one party may describe those parties with

4

such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'" *Id.* Because one attorney represents all potential plaintiffs in this appeal, Plaintiffs–Appellants argue that the use of "Plaintiffs Wilson et al." is sufficient to comply with the requirements of Rule 3(c).

Although courts should "liberally construe" the requirements of Rule 3, "[t]his principle of liberal construction does not . . . excuse noncompliance with the Rule." *Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). In this case, Plaintiffs–Appellants' use of "Plaintiffs Wilson et al." does little to "specify the party or parties taking the appeal," Fed. R. App. P. 3(c)(1)(A). As explained in the advisory committee notes to Rule 3(c), "Plaintiffs Wilson et al." is only a sufficient descriptor if "it is objectively clear that a party intended to appeal." Fed. R. App. P. 3(c) advisory committee's note to 1993 amendment; *cf. Kinsley*, 570 F.3d at 589 ("[T]he notice afforded by the document, not litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." (quoting *Smith*, 502 U.S. at 248)).[3]

As evidenced by a review of the district court record, the briefing on appeal, and the oral argument it is anything but clear which individuals "Plaintiffs Wilson et al." encompasses. The lawyers on the appellant side of the table here ("Appellants' Side Counsel") arguably represented 330 opt-in plaintiffs (people turning in consent forms) at some point in the case. But, by their own admission, they were not appealing on behalf of all 330 opt-in

---

[3] While we recognize that our previous opinion in *Dodson v. Hillcrest Securities Corp.*, 95 F.3d 52, 1996 WL 459770 (5th Cir. 1996) (unpublished), in dicta suggested that a notice of appeal somewhat similar to the one in this case could be adequate under Rule 3(c), the holding in *Dodson* was limited to Rule 3(c) as it existed before the 1993 amendment. *See id.* at *2–4 & n.4. The panel in *Dodson* also did not have the benefit of case law elaborating on the proper application of Rule 3(c), on which this opinion relies, and did not have the opportunity to address the advisory committee notes as applied to non-class action cases like this one. Thus, *Dodson* does not change the outcome of this case.

plaintiffs. Thus, "et al." cannot refer to all 330 "opt-ins," some of whom had settled or moved on after dismissal. The district court's order on the motion for reconsideration (the order from which the appeal was taken) references 29 plaintiffs who submitted "proper responses" to discovery, 130 who submitted "untimely . . . responses" some of whom were then dismissed over a year before the order being appealed, 26 plaintiffs who lost on summary judgment, 14 who failed to provide verifications, 17 who conceded that they had no damages, and 8 who were "unable to attend trial." To sum up, then, there is no readily discernable, coherent list of plaintiffs who are appealing extant at the time of the notice of appeal, even giving the most liberal construction to the phrase "et al." *Cf. Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 n.3 (1st Cir. 2010) ("As the plaintiffs on appeal are the same three plaintiffs who have litigated this case from the outset, this filing [which stated 'Robert Vallejo and other plaintiffs'] provided defendants sufficient notice of their opponents on appeal.").

Even the Appellants' Side Counsel do not appear to be certain of the identity of the parties on appeal. Appellants' Side Counsel termed the situation a "kind of a quilt" and explained that who was in and out of the case in the district court was a "discombobulated list." The initial brief filed by Appellants' Side Counsel did not address the parties appealing at all, except to list a confusing subset of the opt-in plaintiffs (a total of 45 plaintiffs in all) in the certificate of interested parties. In the reply brief, Appellants' Side Counsel attempted to list the parties appealing in response to the Appellees' argument that the notice was ineffective as to all but the Properly Named Appellants.[4]

---

[4] The reply brief footnote 1 states: "The Appellants challenging the Order on Reconsideration are: Theresa Ford, Jamie Franklin, Cynthia Knight, Linda Law, Aundrea Poellnitz, Jauran Portis, Lakitha Reed, Robbie Williams, Antonio Proctor, Wanda Rivera, Marisha White, Tyshella Harvey, Glynna Kyle, LaToya Maxwell, Adrianne Mc'Ferrim, Ashley Welch, Amanda Arnold, Elizabeth Howk, Stephanie Kennedy, Bobby Kenyon, Victoria Shea Martin, Bobby Smith, Anne Bond, Rosa Joanne Alvarado, Ramario Armstrong,

That list matches up to absolutely nothing else in the district court record. The mystery was not even solved at oral argument on this point. Appellants' Side Counsel was repeatedly asked how he derived the list provided in footnote 1 of the reply brief, but none of his answers yielded that precise list; it was more in the nature of concentric circles with some, but not total, overlap. Indeed, Appellants' Side Counsel admitted that who was "in" the case at the time of the order on the motion for reconsideration was "not as clear as it should have been." The explanation was so muddled that a member of this panel ordered the parties to submit a document identifying by name the exact parties on appeal, explaining that our judgment needs to be precise. So, here we were, at oral argument in the Fifth Circuit, some eight months after the notice of appeal was filed and after full briefing, and we still *did not know who the parties appealing were.*

The supplemental briefing that followed was also of little help. Appellants' Side Counsel filed an eight-page letter that included five pages of tables. Counsel for Appellees, while maintaining the position that the notice of appeal was inadequate, listed who "was left" at the time of the most recent district court orders. These contradictory and confusing submissions speak volumes about why the notice of appeal in this case is completely inadequate under Rule 3, however liberally construed. Simply put, the provision of the Rule that allows "et al." is meant to allow a lawyer who represents a clearly identifiable group of parties to appeal as to that group without the need to list each individual. It is not meant to allow a lawyer to file an appeal and decide later who he still represents and which of those parties are interested in appealing.

---

Brandon Batchelor (who has now settled his case), Esmerelda Carrizales, Dany Cruz, Ashley Foege, Ashton Forbes, Jamilla Garcia, Kaylynn Garcia, Ashley Mars, Eric Nordheim, Nicolas Pereyra, Shenika Preston, Russell Smith, Matthew Stephenson, and Stephanie Weber."

No. 15-20204

But the notice of appeal is not deficient as to all Plaintiffs–Appellants. We hold, and both parties agree, that the parties named in the caption properly gave notice of their intent to appeal the district court's ruling on Navika's Motion to Dismiss. *See* Fed. R. App. P. 3(c)(1)(A) ("The notice of appeal must: specify the party or parties taking the appeal by naming each one in the *caption* or body of the notice." (emphasis added)). Therefore, with the exception of Ashley DeLeon, Joanna Wilson, Sheila Collins, Steve Vinkler, and Jeff Svehlack all other Plaintiffs–Appellants are dismissed for want of jurisdiction.[5] Because DeLeon and Wilson, the only Plaintiffs-Appellants that have neither been dismissed for want of jurisdiction nor abandoned their appeal, only challenge the district court's order on Navika's Motion to Dismiss, we need not address any arguments related to Navika's Motion for Reconsideration.

## B.     Motion to Dismiss

Named plaintiffs DeLeon and Wilson argue that the district court abused its discretion in dismissing their claims under Federal Rule of Civil Procedure 37(c)(1). On March 14, 2015, the district court dismissed DeLeon and Wilson without prejudice "pursuant to Fed. R. Civ. P. 37 and/or 41(b)." But, in their brief DeLeon and Wilson only contest the district court's dismissal pursuant to Rule 37. Because DeLeon and Wilson failed to raise any challenge to the district court's dismissal pursuant to Rule 41(b), they have waived the issue on appeal. *See, e.g.*, *Kleibrink v. Kleibrink (In re Kleibrink)*, 621 F.3d 370, 371 n.1 (5th Cir. 2010). Accordingly, this Court need not reach the parties' arguments related to Rule 37.

---

[5] However, as Plaintiffs–Appellants brief contains no arguments related to Sheila Collins, Steven Vinkler, and Jeff Svehlack, these individuals have abandoned their appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

No. 15-20204

### III. CONCLUSION

For the foregoing reasons, the district court's dismissal of DeLeon and Wilson is AFFIRMED, and we dismiss for want of jurisdiction all other Plaintiffs–Appellants.

No. 15-20204

PRISCILLA R. OWEN, Circuit Judge, concurring in part and dissenting in part:

I fully join part II(B) of the court's opinion. But I disagree with the majority opinion's conclusion that the notice of appeal was effective only as to the five plaintiffs named in its caption. I accordingly dissent from the dismissal of the appeal for lack of jurisdiction as to certain plaintiffs other than the named plaintiffs.

As the majority opinion reflects, the notice of appeal sought review of the district court's rulings on two distinct motions filed by the defendants: a motion to dismiss for failure to provide damage calculations and a motion to reconsider the extension of an equitable tolling period that permitted certain plaintiffs to refile individual actions in other jurisdictions. It is undisputed that the motion to dismiss for failure to provide damage calculations involved only the five plaintiffs named in the caption of the notice of appeal.[1] There has never been any confusion about that. The district court's order granting the motion to dismiss for failure to furnish damage calculations reflects that the motion to dismiss, as supplemented, pertained "to Sheila Collins . . . [and] the four other named plaintiffs." It is also undisputed that none of the five named plaintiffs were affected, in any manner, by the extension of the tolling period to permit refiling in other jurisdictions. Again, there has never been any confusion about that. The orders regarding an equitable tolling period pertained *only to unnamed plaintiffs*. The district court ruled on the motion to dismiss, involving only named plaintiffs, and the motion for reconsideration, involving only *unnamed* plaintiffs, in orders that issued March 14, 2015.

---

[1] Joanna Marie Wilson, Ashley Rachel Deleon, Steve Vinkler, Sheila Collins, and Jeff Svehlak.

No. 15-20204

The five plaintiffs named in the caption of the notice of appeal would, of course, be appealing only the motion to dismiss for failure to provide damage calculations because the order reconsidering the extension of the tolling period did not pertain to them. Yet, the notice of appeal expressly listed the order granting the motion for reconsideration and revoking the extension of the equitable tolling period as a ruling that was being appealed. The notice said:

> Notice is hereby given that Plaintiffs Wilson et al. hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Final Order of Dismissal (Doc. #468) entered March 14, 2015 and the Opinion and Order (Doc. #467) entered March 14, 2015 granting Defendants' Motion in Limine to Dismiss, granting Defendants' Motion for Reconsideration, denying Plaintiffs' Motion for Reconsideration and Extension and Plaintiffs' Amended Motion for Reconsideration and Extension, the revocation of equitable tolling.

The notice of appeal objectively indicates that someone is appealing from the grant of the Motion for Reconsideration and the revocation of the equitable tolling period. All of the parties knew that none of the five plaintiffs were appealing that ruling, and the district court record is plain that none of the named plaintiffs were subject to that ruling. So it follows that all of the parties had to have known that plaintiffs other than the named plaintiffs were appealing the revocation of the extended equitable tolling period. It is also objectively ascertainable from the district court's March 14, 2015 order that the universe of unnamed plaintiffs who were aggrieved by the revocation of the extended equitable tolling period was limited to the plaintiffs named in three lawsuits filed in other jurisdictions that the district court's order identifies with specificity. The district court's March 14, 2015 order recites:

> A current search on PACER Case Locator shows five cases filed by 55 (out of 330) individual Plaintiffs against Defendant subsequent to the June 4, 2014 decertification order. Doc. 460.

No. 15-20204

> 1) *Johnson et al v. Navika, LLC et al*, No. 4:14-cv-144-BAE-GRS (S.D. Ga. July 7, 2014) (four plaintiffs)
>
> 2) *Anne Bond, et al. v. Navika Capital Group, LLC, et al.*, No. 1:14-cv-00627-SS (W.D. Tex. July 7, 2014) (twenty-one plaintiffs)
>
> 3) *Carrier et al v. Navika Capital Group, LLC et al*, No. 1:14-cv-311-KD-C (S.D. Ala. July 8, 2014) (fourteen plaintiffs)
>
> 4) *Cassandra Botello, et al. v. Navika Capital Group, LLC, et al.*, No. 4:14-cv-378 (N.D. Okla. July 9, 2014) (eleven plaintiffs)
>
> 5) *Chappell et al v. Navika Capital Group, LLC et al*, No. 2:14-cv-04199-SRB (W.D. Mo. July 28, 2014) (five plaintiffs)

> The latter three cases were filed after the original 30-day tolling period, which expired July 7, 2014, but within the 14-day extension, which expired July 28, 2014. Withdrawing equitable tolling in the latter three cases could result in dismissal of the claims of thirty plaintiffs in Alabama, Oklahoma, and Missouri.

This order makes clear that the only plaintiffs who were subject to the revocation of the extended equitable tolling period were those plaintiffs who filed the three lawsuits (the "latter three cases") after July 7, 2014, in the three jurisdictions listed (Alabama, Oklahoma, and Missouri). So, there is a discrete number of identifiable plaintiffs who were aggrieved by the order granting the motion for reconsideration and revoking the extended equitable tolling period.

The notice of appeal did not identify by name who was appealing the order revoking the extended equitable tolling period, but it stated that "[n]otice is hereby given that Plaintiffs Wilson et al. hereby appeal," and, as discussed, the notice then identified the order revoking the tolling period with specificity. This is adequate under Federal Rule of Appellate Procedure 3(c).

Rule 3(c) states that a notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with

such terms as . . . 'the plaintiffs A, B, et al.'"[2]  The same attorney represented all plaintiffs in the district court and in the appeal.  In determining the sufficiency of the identification of parties, "the test . . . is whether it is objectively clear that a party intended to appeal."[3]  The Advisory Committee notes state that "the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal."[4]  It is "objectively clear" from the notice of appeal and the district court's May 14, 2015 Opinion and Order that the plaintiffs who refiled suit in other jurisdictions after July 7, 2014, intended to appeal the revocation of equitable tolling.

The majority opinion's attempt to distinguish a footnote in the unpublished decision in *Dodson v. Hillcrest Securities Corp.*,[5] which indicates that Rule 3(c) would be satisfied in the present appeal, is unconvincing.  The *Dodson* decision involved a 1992 notice of appeal in the context of a putative class action that the district court did not certify.[6]  Through subsequent pleadings and dismissals, plaintiffs were added while others withdrew or were dismissed prior to the filing of the notice of appeal.[7]  The caption of the notice contained the named plaintiffs and "et al.," and the body referred to "all plaintiffs," but it was clear that some of the dismissed plaintiffs were not appealing.[8]  While the court recognized that the phrase "all plaintiffs" could satisfy the specificity requirement "*if* [the notice] leaves no room for doubt" as

---

[2] FED. R. APP. P. 3(c)(1)(A).

[3] FED. R. APP. P. 3(c) advisory committee's note to 1993 amendment.

[4] *Id.*

[5] 95 F.3d 52, 1996 WL 459770, at *2 n.4 (5th Cir. 1996) (unpublished).

[6] *Id.* at *2-4.

[7] *Id.* at *4.

[8] *Id.* at *4.

to which plaintiffs intended to appeal, it concluded that it was "impossible to tell" who the plaintiffs appealing were.[9]

However, the court was applying the version of Rule 3 in effect prior to its amendment in 1993. In a footnote, the opinion stated that the notice would have been sufficient under Rule 3(c) as amended in 1993.[10] The majority opinion in the present case says that *Dodson* "did not have the opportunity to address the advisory committee notes as applied to non-class action cases like this one."[11] This statement is puzzling for three reasons. First, the advisory committee notes that are referenced have been in existence since 1993, and *Dodson* was decided in 1996. Second, neither *Dodson* nor the present case involved a class action by the time that the orders appealed from had issued. In *Dodson*, the court was addressing an unwieldy set of individuals, numbering in the hundreds.[12] The class in the present case had been decertified well before the orders at issue here were handed down, and the district court was dealing with individual claims, as in *Dodson*. Third, JUDGE GARWOOD, who wrote the opinion in *Dodson*, was a member of the Rules of Appellate Procedure Advisory Committee of the Judicial Conference of the United States when he authored *Dodson*;[13] it is highly unlikely that he was unaware of the import of the Advisory Committee's commentary to Rule 3(c).

The majority opinion's statement that *Dodson* is inapplicable because the panel in that case "did not have the benefit of case law elaborating on the proper application of Rule 3(c), on which [the majority] opinion relies" is also

---

[9] *Id.* at *3-4.

[10] *Id.* at *2 n.4.

[11] *Ante* at __.

[12] *See Dodson*, 1996 WL 459770, at *1.

[13] 1 PRELIMINARY DRAFT OF PROPOSED AMENDMENTS TO THE BANKRUPTCY FORMS: REQUEST FOR COMMENTS 57 (1996) (listing JUDGE GARWOOD as a member of the Advisory Committee on Appellate Rules).

puzzling. None of the cases cited by the majority opinion shed any light on the issue presently before us. The decision in *Kinsley v. Lakeview Regional Medical Center LLC* concerned the timeliness of a filing.[14] The opinions in *Smith v. Barry* and *Bailey v. Cain* both concerned inmate notices of appeal with irregularities as to form or identification of the court.[15] Accordingly, while *Dodson* did apply pre-1993 law to decide the notice of appeal was insufficient, the *Dodson* decision was unequivocal that the notice satisfied the new 1993 rule. Though *Dodson* is not binding precedent, its reasoning is persuasive.

I share the frustration expressed in the majority opinion with the conflicting statements and representations that counsel for the plaintiffs has made to this court regarding the identity of the unnamed plaintiffs who intended to appeal. But the discrepancies that have occurred *after* the notice of appeal was filed should not have any impact on the state of the record at the time the notice was filed. We cannot lose jurisdiction over parties who were adequately identified in a notice of appeal simply because counsel argues that other individuals who were not identified in that notice should also be considered as parties to the appeal.

I would hold that the notice of appeal was sufficient as to the parties who filed the three lawsuits the district court identified as potentially affected by the revocation of equitable tolling, as of March 15, 2014. Accordingly, I would consider the merits of the arguments concerning the motion for reconsideration as to those unnamed plaintiffs, and I dissent from the dismissal of those plaintiffs' claims for lack of appellate jurisdiction.

---

[14] 570 F.3d. 586, 588-89 (5th Cir. 2009).

[15] *Smith v. Barry*, 502 U.S. 244, 248-50 (1992); *Bailey v. Cain*, 609 F.3d 763, 766-67 (5th Cir. 2010).