# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60248

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2017

Lyle W. Cayce
Clerk

THOMAS PAYNE, Doctor,

      Plaintiff - Appellant

v.

UNIVERSITY OF SOUTHERN MISSISSIPPI; MARTHA SAUNDERS,
Doctor, Individually and Officially; LISA NORED, Doctor, Individually and
Officially; ROBERT LYMAN, Doctor, Individually and Officially; JOE
WHITEHEAD, Doctor, Individually and Officially; DALE LEDFORD, Doctor,
Individually and Officially; REX GANDY, Doctor, Individually and Officially,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-41

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Payne filed a civil rights lawsuit against the University of
Southern Mississippi (the "University") and several University officials in their
official and individual capacities, claiming that he suffered adverse
employment actions both because of his religion and in retaliation for filing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60248

grievance with the University and several Equal Employment Opportunity Commission ("EEOC") charges.[1] The district court found that some of Payne's claims were frivolous and ordered Payne to pay part of the defendants' attorneys' fees under Title VII, 42 U.S.C. § 1988, and Mississippi's Litigation Accountability Act, and separately ordered Payne's attorney to pay the remaining part of defendants' attorneys' fees for the frivolous claims under 28 U.S.C. § 1927. Payne appeals the district court's award of attorneys' fees to defendants. For the reasons explained below, we AFFIRM.

## I. Background

Payne was a tenured associate professor in the criminal justice department at the University. The background facts of his underlying case are addressed in our prior decision. *Payne v. Univ. of S. Miss.*, 643 F. App'x 409 (5th Cir.), *cert denied*, 137 S.Ct. 475 (2016). In sum, Payne was at one point told that his position would be discontinued. However, that never occurred. Nonetheless, after notification that his employment with the University would continue, and prior to retiring in December of 2012, Payne filed this lawsuit in December 2011, which the district court construed as pleading various section 1983 claims,[2] Title VII claims,[3] and state law claims[4] against each of the defendants. The district court dismissed most of the claims on summary judgment. The few remaining claims went to trial, where they were dismissed on a Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law. Payne filed an appeal, and we affirmed the dismissal of his claims. *Id.*

---

[1] The University officials are Martha Saunders, Lisa Nored, Robert Lyman, Joe Whitehead, Dale Ledford, and Rex Gandy (collectively, "individual defendants").

[2] The section 1983 claims were for violations of procedural due process, substantive due process, equal protection, free speech rights, and free association rights.

[3] The Title VII claims were for retaliation and hostile work environment.

[4] The state law claims were for breach of contract, misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence.

No. 16-60248

The defendants subsequently filed motions for attorneys' fees pursuant to (1) Title VII of the Civil Rights Act of 1964 under 42 U.S.C. § 2000(e)-5(k), (2) 42 U.S.C. § 1988, (3) 28 U.S.C. § 1927, and (4) the Mississippi Litigation Accountability Act under Miss. Code Ann. § 11-5-5. The motions were granted in part and denied in part. Ultimately, the district court found that the following section 1983 claims were frivolous: (1) those arising from a "rescinded notice of non-renewal sent to [Payne] in August 2010," namely substantive and procedural due process claims, and (2) his equal protection claims. As to the individual defendants only, the district court found that all of the Title VII claims were frivolous and all of the state law breach of contract and negligence-based claims (to the extent they predated Payne's summary judgment response concessions) were frivolous. The district court also awarded attorneys' fees against Payne's attorney for "unreasonably and vexatiously multipl[ying] the proceedings."

The defendants then submitted their proof of fees and collectively requested approximately $135,000. The district court awarded $14,065.50 in attorneys' fees to defendants Saunders, Lyman, and the University, collectively, and $7,060.10 in attorneys' fees to defendants Nored, Ledford, Whitehead, and Gandy, collectively.[5] The district court denied Payne's subsequent motion for reconsideration. Payne appeals all of the district court's orders awarding attorneys' fees to defendants.

## II. Standard of Review

We review an award of attorneys' fees for abuse of discretion. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 349 (5th Cir. 2013) (citing *Jason*

---

[5] Defendants Saunders, Lyman, and the University were jointly represented by the same attorneys and joined in the same summary judgment motion and motion for attorneys' fees. Defendants Nored, Ledford, Whitehead and Gandy were jointly represented by a different set of attorneys and joined in a separate summary judgment motion and motion for attorneys' fees.

3

No. 16-60248

*D.W. ex rel. Douglas W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998)) "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting *United States v. Ragsdale,* 426 F.3d 765, 774 (5th Cir. 2005)).

### III.  Discussion

#### A. Jurisdiction as to Chaze

We conclude that Payne's attempt to challenge the district court's judgment ordering his attorney, Kim T. Chaze, to pay attorneys' fees under 28 U.S.C. § 1927 fails because Chaze did not appeal, so we lack jurisdiction over this issue. *McCardell v. U.S. Dep't of Hous. & Urban Dev.*, 794 F.3d 510, 515 (5th Cir. 2015).

One of the minimum prerequisites for a notice of appeal is to "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." FED. R. APP. P. 3(c)(1)(A).  This Rule is construed liberally, such that an appeal will not be dismissed for "failure to name a party whose intent to appeal is otherwise clear from the notice." *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009) (quoting FED. R. APP. P. 3(c)(4)). Liberal construction notwithstanding, complete non-compliance with the Rule will not be excused. *Id.* (citing *Smith v. Barry,* 502 U.S. 244, 248 (1992)).  The standard is an objective one, from the face of the record.  *Wilson v. Navika Capital Grp.,* 663 F. App'x 341, 344 (5th Cir. 2016) (quoting FED. R. APP. P. 3(c) advisory committee's note to 1993 amendment);[6] *Kinsley*, 570 F.3d at 589.

Chaze was not named as a party in the Notice of Appeal.  It is also not clear from the specific orders being appealed that Chaze intended to appeal the adverse judgment against him because all of the orders involve attorneys' fees

---

[6] Although *Wilson* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

awarded against both Chaze and Payne. Nothing indicates that Chaze was also appealing those orders, rather than merely appearing as Payne's attorney. *Cf. Johnson v. Dowd*, 345 F. App'x 26, 29–30 (5th Cir. 2009) (finding jurisdiction where the attorney was not named in the notice of appeal, but appealed orders containing sanctions only against him individually); *Garcia v. Wash*, 20 F.3d 608, 610 (5th Cir. 1994) (finding jurisdiction where a notice of appeal specifically referred to the district court's "refusal to stay the execution of the $60,000 sanction against [the Garcias'] attorney"). Accordingly, because Chaze failed to appeal, we lack jurisdiction to review the attorneys' fees awarded against Chaze under 28 U.S.C. § 1927.

## B. Award of Attorneys' Fees against Payne

### i. Section 1983 Claims

Under 42 U.S.C. § 1988, the district court may, in its discretion, award reasonable attorneys' fees to the prevailing party in a section 1983 case, so long as the prevailing party is not the United States. 42 U.S.C. § 1988(b). However, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1053 (5th Cir. 1998)).

The district court awarded attorneys' fees under section 1988 because it found that some of Payne's section 1983 claims were frivolous. It focused on two categories of Payne's section 1983 claims: (1) those claims arising from a "rescinded notice of non-renewal sent to [Payne] in August 2010" and (2) his equal protection claim.

As to the rescinded notice of non-renewal claims, the district court found that Payne "repeatedly misrepresented . . . that he was terminated." Payne maintains that he never argued that he was actually terminated, but rather that he was "targeted to be terminated." While Payne sometimes used that

phrasing, other times he asserted that he was actually terminated, including in an affidavit Payne signed.   Payne's attempt to explain away these misrepresentations is unavailing.  Because there was no clear error in finding that Payne's rescinded notice of non-renewal claims were frivolous, the district court's award of attorneys' fees was not an abuse of discretion.  Indeed, if his claim were merely that he was "targeted for" but never actually terminated, his due process claim would be frivolous. *Quives v. Campbell*, 934 F.2d 668, 671 (5th Cir. 1991) ("[W]hen a public employee has a legitimate entitlement to his employment, the due process clause may protect as 'property' no more than the status of being an employee of the governmental employer in question together with the economic fruits that accompany the position.") (quoting *Jett v. Dall. Indep. Sch. Dist.,* 798 F.2d 748, 754 n.3 (5th Cir. 1986)).

As to the equal protection claim, the district court awarded attorneys' fees after it found that Payne's allegation of being treated differently because of his religion was "based on nothing but speculation and conjecture."  We conclude that the district court's assessment of the evidence was not clearly erroneous, and the district court did not otherwise abuse its discretion in awarding attorneys' fees for this reason.[7]  *See, e.g.*, *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 426 (5th Cir. 2011) (citing *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999)).

### ii. Title VII Claims

Under Title VII, the district court may, in its discretion, award reasonable attorneys' fees to the prevailing party, so long as the prevailing

---

[7] Payne also argues that "all of the evidence supporting the issue of Retaliation also supports the issue of Equal Protection."  However, Payne's conclusory assertion that evidence showing retaliation for filing both grievances and EEOC charges also shows that he was discriminated against because of his religion is purely speculative and not supported by the record.  Indeed, Payne's own EEOC charges claim that the adverse actions taken against him were in retaliation for filing prior EEOC charges against the University.

party is not the United States.  42 U.S.C. § 2000e-5(k).  "[T]he Supreme Court has held that a successful defendant can only recover [Title VII] fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'"  *Autry*, 704 F.3d at 349 (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22 (1978)).  Accordingly, "we have generally affirmed awards of attorney's fees where the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputably meritless legal theory."  *Silsbee*, 440 F. App'x at 425.

The district court awarded attorneys' fees under Title VII for claims against the individual defendants.  It found that Payne asserted frivolous Title VII claims because there was no dispute that the individual defendants were not Payne's employer and individuals are not liable under Title VII unless they are employers. Payne's claim that he limited his Title VII allegations to the University is belied by the language of his complaint that hurls allegations indiscriminately against "defendants."  For example, in one instance he claims that the "acts" of the "individual Defendants" "violate Title VII," and, in another, that the "Defendants have violated both Title VII [and] 42 U.S.C. § 1983."  Payne does not dispute that it was obvious from the outset that the individual defendants could not be sued under Title VII.  We, therefore, find no abuse of discretion in the award of attorneys' fees under Title VII.

### iii. State Claims

Under Mississippi's Litigation Accountability Act, "the court shall award . . . reasonable attorney's fees and costs against any party or attorney if the court . . . finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification . . . ."  MISS. CODE ANN. § 11–55–5(1).  A claim is without substantial justification when "it is frivolous, groundless in fact or in law, or vexatious, as determined by the court."  *Id.* § 11–55–3(a).  Furthermore, a claim is frivolous "only when, objectively speaking, the pleader or movant has no hope of success." *McBride*

*v. Meridian Pub. Imp. Corp.*, 730 So. 2d 548, 554 (Miss. 1998) (citing *Stevens v. Lake,* 615 So. 2d 1177, 1184 (Miss. 1993)).

The district court awarded attorneys' fees on Payne's breach of contract and negligence-based state claims.  We hold that the district court did not abuse its discretion.  As to the breach of contract claim, Payne's complaint clearly alleges that all of the defendants, including the individual defendants, had an employment contract with Payne and breached that contract.  As the district court correctly noted, it is undisputed that the individual defendants were never parties to Payne's employment contract.

As to the negligence-based claims, it is undisputed that the individual defendants have immunity from negligent conduct occurring during the course and scope of their duties.  *See* MISS. CODE ANN. § 11-46-7(2).  Payne does not argue otherwise, but merely points out that he did not pursue the negligence claims at the summary judgment stage.  The district court limited those fees to the fees incurred while defending against such claims prior to Payne conceding the claims at summary judgment.  Accordingly, the district court did not abuse its discretion.

### C. Amount of Attorneys' Fees

The district court used the lodestar method for determining reasonable attorneys' fees, multiplying a reasonable hourly rate by reasonable hours expended on frivolous claims.  Payne challenges the entire amount awarded, claiming that both the district court's factual findings and application of the law were erroneous.  Finding no merit in Payne's arguments, we affirm the district court's award of attorneys' fees.

None of the defendants provided contemporaneous billing records, but this "does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (quoting *La. Power & Light Co. v.*

*Kellstrom,* 50 F.3d 319, 325 (5th Cir. 1995)).  The defendants instead organized their invoices into detailed and lengthy charts that showed the date tasks were performed, a brief description of tasks performed, the time spent on each task, the hourly rate, and a brief explanation for seeking the fees.  These charts are sufficiently detailed to determine reasonable attorneys' fees.  *See Freiler v. Tangipahoa Par. Bd. of Educ.*, 185 F.3d 337, 349 (5th Cir. 1999).  The defendants also provided multiple affidavits and a declaration from their attorneys explaining the time spent on the case, and supporting both the accuracy of the charts and the reasonableness of the hourly rates.  Together, the detailed charts and the affidavits are sufficient to support the amount of attorneys' fees awarded, and we see no evidence of clear error to disturb the district court's determination.  *See Gagnon*, 607 F.3d at 1044; *Freiler*, 185 F.3d at 349; *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. . . .  And appellate courts must give substantial deference to these determinations . . . .").

Payne also argues that the district court failed to apply the rule articulated in *Fox v. Vice*, which limits the scope of permissible attorneys' fees awarded under section 1988 to those fees that would not have been incurred but for the frivolous claims.  563 U.S. at 836.  "[I]f the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff."  *Id.*  We must determine "whether the trial court asked and answered that question, rather than some other."  *Id.* at 839.  The district court exhaustively analyzed the fees and implicitly applied this rule in making its determination.  For example, it refused to award fees for all entries related to "general defense" tasks—which made up a substantial portion of the requested fees—because "virtually all of the tasks . . . would have had to be performed regardless of whether [Payne]

asserted any frivolous claims."    Similarly, the district court limited the compensable hours spent on section 1988 claims to those "directly related" to each frivolous claim and excluded all other entries that "would have had to be performed regardless of whether [Payne] asserted any frivolous claims."

Finally, Payne challenges the district court's decision not to reduce the amount of attorneys' fees based on various factors we have previously enumerated, known as the *Johnson* factors.  *See Migis v. Pearle Vision,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).  District courts are required to *consider* the *Johnson* factors, but have discretion whether to adjust the amount of fees based on those factors.  *Kellstrom,* 50 F.3d at 330.  "A strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional cases." *Pembroke v. Wood Cty.*, 16 F.3d 1214 (5th Cir. 1994) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992)).

The district court expressly considered the *Johnson* factors and concluded that "no further adjustments were required beyond those already addressed in the Court's lodestar analysis above."  It had already significantly reduced the requested fees during its lodestar analysis and intimated that some of the *Johnson* factors were already addressed when determining the lodestar figure.  *See Saizan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting.").  After reviewing the record, we are not persuaded that declining to further reduce the award was an abuse of discretion.

AFFIRMED.

10