# United States Court of Appeals for the Fifth Circuit

————————

No. 25-50216

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2025

Lyle W. Cayce
Clerk

STACEY BERNARD MARTIN,

*Plaintiff—Appellant*,

*versus*

CITY OF LAS VEGAS, *City Hall*; ATTORNEY CAMERON BROWN, FORD FRIEDMAN LAW FIRM; ATTORNEY CHRISTOPHER P. FORD, FORD FRIEDMAN LAW FIRM; ATTORNEY TONY T. SMITH, FORD FRIEDMAN LAW FIRM; KIMBERLY B. HOUSE; KASSANDRA LEVAY, CHILD ADVOCACY; TONJA MICHELLE OCHONMA; CHARLES OCHONMA,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-647
Summary Calendar

————————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Pro se Plaintiff–Appellant Stacey Bernard Martin filed an amended complaint in the Western District of Texas against The City of Las Vegas

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50216

(The City), Judge Linda Marquis, Marina Dalia-Hunt,[1] Legal Aid Center of Southern Nevada, Inc. (LACSN), Cameron Brown, Christopher P. Ford, Tony T. Smith, Kimberly B. House, Kassandra Levay Child Advocacy (KLCA), Tonja Michelle Ochonma, Charles Ochonma, Judge Christine Vasquez Hortick, and Judge Rosie Alvarado. He alleged the defendants engaged in illegal and unconstitutional conduct by depriving him of access to his son.

Dalia-Hunt and LACSN filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[2] Judge Marquis similarly filed a motion to dismiss for, *inter alia*, lack of personal jurisdiction under Rule 12(b)(2). Judges Hortick and Alvarado also filed a motion to dismiss, arguing that, *inter alia*, Martin's claims against them were barred by Eleventh Amendment and judicial immunity.

The district court granted all three motions to dismiss, finding that the court lacked personal jurisdiction over Dalia-Hunt, LACSN, and Judge Marquis, and that Judges Hortick and Alvarado were entitled to Eleventh Amendment and judicial immunity. A magistrate judge entered a Report and Recommendation that the remaining defendants—The City, Brown, Ford, Smith, House, KLCA, and the Ochonmas—be dismissed for lack of service or improper service.

Before the district court ruled on the Recommendation, Martin filed a "Motion for Interlocutory Appeal Section 1," and a "Motion for Interlocutory Appeal Section 2," which were construed as Notices of

---

[1] Martin erroneously refers to her as "Dalia Marina-Hunt."

[2] Dalia-Hunt and LACSN filed their motion to dismiss prior to the amended complaint. The district court explained that because the allegations against these defendants remained the same between the original complaint and the amended complaint, it exercised its discretion to apply the motion to dismiss to the amended complaint. **ROA.345-46**.

No. 25-50216

Appeal. In "Section 1," Martin claims the district court "improperly dismissed" The City, Judge Marquis, and Dalia-Hunt and "denied all his motions relevant to other Nevada defendants/attorneys" Ford, Smith, Brown, and the Ochonmas. In "Section 2," he claims the district court "improperly dismissed" Judges Alvarado and Hortick, and "denied all his motions." Upon direction from this court, Martin filed his opening brief, in which he claimed there are nine constitutional questions for this court to answer and explained the alleged criminal conspiracy involving all the defendants from his amended complaint and the violation of his constitutional rights.

"[W]e are obligated to examine the basis for our jurisdiction, *sua sponte,* if necessary." *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 813 (5th Cir. 2012) (quoting *In re Cortez*, 457 F.3d 448, 453 (5th Cir. 2006)). "[I]n a multi-party lawsuit, 'a dismissal of claims against some, but not all, defendants is not a final appealable judgment unless, pursuant to Rule 54(b) . . . the district court concludes there is no justification for delaying an appeal and specifically directs entry of judgment.'" *Butler v. Denka Performance Elastomer LLC*, 806 F. App'x 271, 273 (5th Cir. 2020) (quoting *Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012)). When a notice of appeal is premature, "the court lacks jurisdiction over the appeal." *Star Ins. Co. v. Livestock Producers Inc.*, 34 F. App'x 151, 2002 WL 496371, at *2 (5th Cir. 2002).

Here, at the time Martin filed his Notices of Appeal, there was no final, appealable judgment. The orders dismissing Dalia-Hunt and Judges Marquis, Alvarado, and Hortick were not designated final pursuant to Rule 54(b), and The City had not yet been dismissed because the district court had not ruled on the magistrate judge's Recommendation. Indeed, the final judgment was not entered until about three months after Martin filed his Notices of Appeal. Therefore, the Notices of Appeal were premature, and we

3

do not have jurisdiction to review whether dismissal of Dalia-Hunt, and Judges Marquis, Alvarado, and Hortick was improper.

As to the orders which "denied all his motions," Federal Rule of Appellate Procedure 3(c)(1)(B) states that the notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." FED. R. APP. P. 3(c)(1)(B). "Although courts should 'liberally construe' the requirements of Rule 3, '[t]his principle of liberal construction does not . . . excuse noncompliance with the Rule.'" *Wilson v. Navika Cap. Grp., L.L.C.*, 663 F. App'x 341, 344 (5th Cir. 2016) (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992)). "[T]he purpose of [Rule 3] is to ensure that the filing provides sufficient notice to other parties and the courts." *Kinsley v. Lakeview Reg'l Med. Ctr.*, 570 F.3d 586, 589 (5th Cir. 2009) (quoting *Smith*, 502 U.S. at 248). Here, Martin's Notices of Appeal did not "designate" any specific orders, and the 18 page "Section 1" Notice of Appeal, ten page "Section 2" Notice of Appeal, and Martin's 20-page brief made no further mention of the orders which denied his motions. While "[f]ailure to properly designate the order appealed from . . . may be cured by an indication of intent in the briefs or otherwise," here, the filings hardly mention the district court, let alone the district court orders. *See Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991) (quoting *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990))). Martin's filings focus on the events that transpired in state courts. Under these circumstances, we cannot say that this court has sufficient notice of which orders Martin appeals.

Alternatively, upon a review of the record, we have determined that the motions denied were: a motion to dismiss a motion to dismiss (which was construed as a response to the motion to dismiss); a motion for default judgment; a motion for criminal investigation referral; and a motion to proceed in forma pauperis on appeal. The orders denying the motion to dismiss a motion to dismiss, motion for default judgment, and motion for

criminal investigation referral were all not appealable when Martin filed his Notices of Appeal. *See Adult Film Ass'n of Am., Inc. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985) (per curiam) ("We find that the district court's order denying a [motion for] default judgment . . . is not an appealable final order."). Regarding the order denying Martin's motion to proceed in forma pauperis, "a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith. . . . 'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (citation omitted). The motion was filed on the district court's short form application and thereby is frivolous because it "only provides his financial information [without] address[ing] whether his appeal will present a nonfrivolous issue." *See United States v. Dunlap*, 389 F. App'x 359, 360 (5th Cir. 2010) (per curiam). Even if the motion did mention the orders dismissing Dalia-Hunt, and Judges Marquis, Alvarado, and Hortick, the appeal would still be frivolous because, as we explained above, we lack jurisdiction to review those orders. *See Johnson v. Cain*, 471 F. App'x 301, 302 (5th Cir. 2012) (per curiam). Thus, the district court did not err in refusing to certify Martin's motion to appeal in forma pauperis.

Accordingly, the appeal is DISMISSED.